56 CCPA

**Application of John C. JUREIT.**

**Patent Appeal No. 8083.**

United States Court of Customs and Patent Appeals.

Dec. 5, 1968.

Leonard F. Stoll, Robert E. LeBlanc, Washington, D. C., for appellant.

Joseph Schimmel, Washington, D. C., (Lutrelle F. Parker, Arlington, Va., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

RICH, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the rejection of claims 17–19 of application serial No. 282,300, filed May 22, 1963, entitled "Structural Wooden Member." No claim has been allowed.

The invention relates to wooden beams used for structural purposes, such as house framing, and specifically to beams having defects or weaknesses, such as knots and notches. The purpose of the invention is to remedy the defects or weaknesses so as to upgrade the strength of the beams. This upgrading is accomplished, according to appellant's invention, by bridging the defective or notched portion of the beam with a metal plate from which a plurality of "slender, elongated, nail-like teeth" have been struck. The teeth are so situated that when driven or pressed into the beams to bridge the weakened portion they define a polygon on each of at least two sides of the weakened portion. The precise invention is defined by the three claims on appeal:

17. An elongated and continuous structural wooden beam having a portion intermediate the ends thereof with a lower load carrying capacity than the immediately surrounding portions, and at least one metal plate bridging said portion and and [sic] having a plurality of slender, elongated, nail-like teeth struck therefrom and embedded in said beam in said surrounding portions on two sides of said portion to transmit a structural load across said portion, said teeth having a length equal to at least six times the thickness of said plate and serving as the sole means to hold said plate in position and to transmit said load so that the load carrying capacity of the combination of said plate and beam and said first named portion is raised at least to the value of said surrounding portions, there being a plurality of teeth from said plate in each of said surrounding portions with the teeth embedded in each of said surrounding portions defining a polygon in each of said surrounding portions having a minimum dimension substantially no smaller than the minimum dimension of said first named portion.

18. An elongated structural wooden beam as set out in claim 17 and including a pair of said metal plates mounted on opposite sides of said beam.

19. An elongated structural wooden beam as set out in claim 17 wherein said portion of said beam with a lower load carrying capacity is a knot.

One embodiment of the plate employed in the claimed structure is shown in appellant's specification as follows:

FIG.3

The sole issue is whether or not the claimed structure is obvious (35 U.S.C. § 103) in view of the United States patents:

| Spreen | 1,669,541 | May 15, 1928 |
| Jureit | 2,877,520 | Mar. 17, 1959 |

Spreen discloses a metal plate or patch having triangular teeth struck out along opposite sides:

This plate is used to cover and seal deformities, such as knot holes, in lumber used in concrete forms; the plate covers the hole so that wet concrete will not leak from the form and thereby produce a corresponding deformity in the finished concrete. Appellant's prior patent, Jureit, discloses two types of metal connector plates used to join timbers in the construction of structural wooden frames:

Figure 4 shows the details of a single tooth. The Jureit plates are very similar to those disclosed in the present application, particularly insofar as the shape, length, and arrangement of the teeth are concerned.[1]

In his Answer, the examiner stated, inter alia:

Spreen's knot hole patch is disclosed as being for the purpose of permitting the use of lumber containing knot holes in concrete form work wherein the patched lumber presents a relatively smooth surface and its imperfections thus are not reproduced in the concrete after the concrete has been poured, set and the forms have been stripped. Spreen is not concerned with the inherent lumber reinforcing attributes of his knot hole patch. It is considered obvious, however, that the lumber is stronger after the application of Spreen's patch than before and that should the strength of the lumber be of prime consideration, it would be obvious that more struck out prongs should be formed on opposite ends of the patch as in Jureit, for example, * * * [quoting from Jureit]

"At least three rows of nails are necessary in order to produce a satisfactory structural joint since I have found that fewer rows are completely unsatisfactory in structural loading."

The board said:

We have considered appellant's disclosure and arguments in connection with claims 17, 18 and 19 but are not convinced as to error in the Examiner's position. The fabrication of the Spreen fastener in the likeness of the Jureit fastener appears to be an obvious option and claim 17 reads on the application of such a fastener over a joint. Such relationship is fully presented by Juriet [sic]. The use of

fasteners on both sides of a joint is a further expected option and satisfies claim 18. To patch over a knot by a metal plate is so notoriously old as to require no illustration and the inclusion of adequate area and fastening points to assure strength of the base timber is no more than an obvious application of the patented Juriet [sic] structure.

Since, as pointed out by appellant, claim 17, and by dependence claims 18 and 19, call for a *"continuous * * * beam,"* we cannot agree with the board's conclusions to the effect that "claim 17 reads on the application of * * * a fastener over a joint" and that "The use of fasteners on both sides of a joint * * * satisfies claim 18." However, we are of the opinion that the Jureit disclosure of the use of metal plates to join two beams provides adequate basis for concluding that it would be obvious to one of ordinary skill in the art to use a plate of some sort to bridge a weakened portion of a beam and thereby strengthen the beam as a whole. We therefore reject appellant's first contention which is, in substance, that the references do not suggest a reason for one skilled in the art to wish to modify the Spreen patch so that it would substantially increase the strength of the lumber to which it is attached. We are also of the opinion that if one of ordinary skill in the art employed the Spreen patch to create such a bridge and found that it was insufficiently strong or that the triangular teeth did not have sufficient withdrawal resistance, it would be obvious to him to use the thicker plate and slender, elongated nail-like teeth of Jureit.

Appellant also argues, giving various reasons, that the Jureit plates would be inadequate as *patches for concrete forms*. We need not discuss appellant's reasons because neither the examiner

1. Appellant's specification contains the following reference to Jureit:
   In order to provide adequate withdrawal resistance without undue destruction of wood fiber, it has been found that the teeth must be slender, elongated and nail-like in character, so as to act as true nails in the manner of the teeth disclosed in United States Patent No. 2,877,520.

nor the board proposed a *substitution* of the Jureit plates for those used by Spreen; instead, the rejection is based on an *adaptation* of the Jureit teachings to the disclosure of Spreen.

In summary, we are of the opinion that, having Spreen and Jureit before him and desiring to remedy weakened portions of wood beams, it would be obvious to one of ordinary skill in the art to do what appellant has done.

The decision of the board is therefore affirmed.

Affirmed.

SMITH, J., participated in the hearing of this case but died before a decision was reached.